UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALDIN LAPASTICA,

                              Plaintiff,

              - against -

AUTO FILLING SERVICES, LLC,
MEIR EISENSTADT and JOEL KLEIN, *Individually*,

                           Defendants.
------------------------------------------------------------------------X

**Case No.** 22cv10254

**COMPLAINT**

Jury Trial Demanded

Plaintiff, ALDIN LAPASTICA, by and through his attorneys, NISAR LAW GROUP, P.C., hereby complains of Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay minimum wage and overtime wages due and owed for hours worked in excess of forty (40) hours per workweek. As a result of Defendants' violations of the NYLL and FLSA, Plaintiff is entitled to (a) the full amount of underpayment, (b) attorneys' fees and costs, (c) prejudgment interest, and (d) an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

2. Plaintiff also complains pursuant to the Wage Theft Prevention Act, New York Labor Law § 195, *et seq.,* and seeks to redress the damages he has suffered as a result of Defendants' failure to provide him with written notice of wage rates.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under §216(b) of the FLSA (29 U.S.C. § 216 (b)) and 28 U.S.C. §§ 1331 and 1343.

4. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims have occurred.

## THE PARTIES

6. At all times relevant, Plaintiff ALDIN LAPASTICA ("Plaintiff") was a resident of the State of New York, New York County.

7. At all times relevant, Defendant AUTO FILLING SERVICES, LLC. (Defendant "AFS") was a domestic business corporation, duly existing pursuant to, and by virtue of the laws of the State of New York, with its principal place of business located at 56 Lime Kiln Road, Suffern, NY 10901.

8. Based upon information and belief, at all relevant times, Defendant Meir Eisenstadt ("Defendant Eisenstadt") was the owner of Defendant AFS and Plaintiff's supervisor with authority and control over all terms and conditions of employment of Plaintiff including but not limited to his hire, termination, work schedule and payroll.

9. Based upon information and belief, from on or about February 2020 and thereafter, Defendant Joel Klein was a co-owner of AFS and Plaintiff's supervisor.

10. On or about February 2020, Defendant Eisenstadt directed Plaintiff to Joel Klein for payment of his wages.

11. On or about February 2020, Plaintiff met with Defendant Klein at his office located at 185 Broadway, 4th Fl., Brooklyn, NY about his unpaid wages. Defendant Klein stated he would pay Plaintiff his back and current wages in installments. However, to date, none of Defendants paid Plaintiff any of his regular and overtime wages for the relevant time period.

12. From on or about February 2020, Joel Klein managed Plaintiff's schedule and payroll and

had authority and control over the terms and conditions of employment of Plaintiff. Plaintiff made repeated calls and text messages to Defendant Klein since on or about February 2020 asking about payment of his unpaid wages. Defendant Klein responded that he would pay Plaintiff's wages owed to him but to date neither Defendant Klein nor Defendant AFS nor Defendant Eisenstadt have paid Plaintiff any of his wages owed.

13. Based upon information and belief, Joel Klein maintains an office located at 185 Broadway, 4th Floor, Brooklyn, New York 11211 as CEO of BizTank, Inc.

14. Defendants AFS, Eisenstadt and Klein are collectively referred to herein as "Defendants."

15. On or about 2016, Defendants AFS and Eisenstadt hired Plaintiff to drive a truck to deliver gasoline fuel to customers in the New York City area. On or about April 5, 2020, Defendants terminated Plaintiff from his employment.

16. At all relevant times, Plaintiff was a full-time employee of Defendants.

17. At all relevant times, Defendants had the power to, and were responsible for, setting Plaintiff's work hours and determining the wages to be paid to Plaintiff.

18. At all relevant times, Defendants had the power to, and did in fact, establish the terms of Plaintiff's employment, including Plaintiff's duties, schedule, and rate of pay.

19. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work. As a result, including as further described below, all Defendants are liable as "employers" under the FLSA.

20. Defendants are also jointly and severally liable as joint employers under 29 C.F.R. § 791.2 for the violations complained of herein.

21. Based upon information and belief, Defendants were at all relevant times engaged in

interstate commerce within the meaning of the FLSA in that Defendants: (a) had employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (b) had an annual gross volume of sales of not less than $500,000.00.

22. During the relevant period of Plaintiff's employment with Defendants, Plaintiff routinely engaged in activities which facilitate or relate to interstate or foreign commerce by delivering gasoline / fuel to customers in New York City and New Jersey.

## MATERIAL FACTS

23. From on or about 2016 to on or about April 5, 2020 Plaintiff worked for Defendants as fuel delivery driver.

24. Throughout his employment, Plaintiff regularly worked six (6) days per week for approximately ninety six (96) hours per week for Defendants.

25. At all relevant times, Plaintiff's primary duties entailed manual labor and Plaintiff at all relevant times was a non-exempt employee within the meaning of the FLSA and NYLL.

26. NYLL Overtime Regulation 12 NYCRR 142-2.2 requires that employers pay drivers who may be exempt from overtime wages under FLSA §213 overtime at one and one half times the minimum wage. *See, Hayward v. IBI Armored Servs.*, 954 F.3d 573 (2d Cir., April 3, 2020)

27. From on or about December 31, 2018, the minimum wage in New York City was $15.00 per hour.

28. However, during the relevant period of Plaintiff's employment from on or about September 2019 Through April 5, 2020, Defendants wholly failed to compensate Plaintiff at the proper minimum wage rate, in violation of the FLSA 29 USC 201 et seq. and NYLL §651 et seq.

29. Throughout the duration of Plaintiff's employment from on or about September 2019

Through April 5, 2020, Defendants failed to pay Plaintiff any wages at all.

30. At the time of hire or any time thereafter, Plaintiff was not provided with a NYLL 195 wage notice and thereby damaged because he was not made aware of his right to weekly minimum and overtime wages. And each week he did not receive minimum wage and overtime pay, Defendants concealed and/or delayed Plaintiff's rights or claims to recover those wages.

31. Defendants never provided Plaintiff with any sort of written notice regarding: his regular rate of pay, overtime rate of pay, how he was to be paid, his "regular payday," the official name of the employer and any other names used for business, the address and phone number of the employer's main office or principal location, nor allowances taken as part of the minimum wage (including, inter alia, tips).

32. During the relevant time period from on or about September 2019 Through April 5, 2020, as Plaintiff was a non-exempt employee, he should have been paid time-and-a-half the minimum hourly rate for each hour of overtime that Plaintiff worked each week. However, although Defendants regularly required Plaintiff to work overtime, Defendants wholly failed to compensate Plaintiff at a rate of one and one-half times the minimum hourly rate of pay for all hours worked in excess of forty (40) hours each week, in violation of the FLSA §207 and NYLL §651 et seq, 22 NYCRR 142 and 146.

33. During the relevant time period, from on or about September 2019 through April 5, 2020 even though the minimum wage in New York City was $15.00 per hour, Defendants willfully refused to pay Plaintiff any wages. Accordingly, during this period, Defendants failed to pay Plaintiff approximately $600 per week at minimum wage for non-overtime hours totaling approximately $18,600.

34. The regular rate promised to Plaintiff during the relevant time period was $28 per hour and

an overtime rate at $42 per hour. However, as alleged throughout this Complaint Plaintiff was not compensated even at the minimum wage and overtime rates required under FLSA and NYLL.

35. Further, during the relevant time period from on or about September 2019 through April 5, 2020, Plaintiff worked approximately fifty six (56) hours of overtime per week. The overtime rate during this period was one and one-half times the minimum wage ($22.50/hr.). Accordingly, Defendants underpaid Plaintiff approximately 39,060 for all overtime hours at minimum wage worked during the relevant time period.

36. Pursuant to NYLL, Defendants failed to pay spread of hours pay or one hour at minimum wage for each day worked where the workday exceeded 10 hours. Defendants failed to pay $15 for 6 days every week during the relevant time period from on or about September 2019 through April 5, 2020.

37. Defendants' failure to pay Plaintiff his earned wages required by law was willful.

38. Plaintiff was not provided with wage statements that reflected including but not limited to Plaintiff's hours of work and wages earned per week and year to date at minimum wage with lawful deductions. Plaintiff was damaged as a result because Defendants delayed and/or concealed his claims for Plaintiff's earned minimum and overtime wages.

39. Defendants' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Liquidated Damages as against both Defendants, jointly and severally.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## MINIMUM WAGE

40. Plaintiff repeats, realleges and incorporates by reference each and every allegation previously

set forth as if fully set forth herein.

41. As alleged throughout this Complaint, Defendants willfully employed Plaintiff in the aforementioned covered enterprise and failed to compensate Plaintiff during the relevant time period of his employment at the required minimum hourly rate for his employment of $15 per hour for all hours worked by Plaintiff under 40 hours per week.

42. Defendants' failure to pay Plaintiff the legal minimum hourly pay in accordance with the FLSA and NYLL was a direct violation of the FLSA, specifically 29 U.S.C. § 206.

43. Defendants' failure to pay proper minimum wages for each hour worked was willful within the meaning of 29 U.S.C. § 255.  Accordingly, the FLSA statute of limitations covers three years from the date of the Complaint to on or about December 1, 2019 and Plaintiff seeks liquidated damages of 100% or double damages for each and every wage and hour violation under FLSA by Defendants.

44. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer loss of wages in an amount to be determined at trial in unpaid wages, liquidated double or 100% damages, attorneys fees and costs, and pre and post judgment interest.

### AS AND FOR A SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW § 652(1)
### MINIMUM WAGE

45. Plaintiff repeats, realleges and incorporates by reference each and every allegation previously set forth as if fully set forth herein.

46. Plaintiff was an employee of Defendants within the meaning of the NYLL.

47. The statute of limitations for claims for wages under NYLL is six (6) years from the date of the Complaint in 2022 to 2016 or in this case which covers the relevant period of employment of Plaintiff from on or about September 2019 that is not covered under FLSA.

48. Defendants failed to pay Plaintiff the required minimum hourly wage rate for every one hour of work Plaintiff actually worked during the relevant time period as alleged throughout this complaint.

49. Defendants violated Plaintiff's right to minimum wage pay under § 652(1); New York Labor Law, Article 19.

50. Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No. 142 (NYS Department of Labor ("DOL") Wage Order for Miscellaneous Industries).

51. During the relevant time period, the minimum wage in NYC was $15 per hour.

52. Defendants' actions were willful.

53. Due to Defendants' NYLL violations as alleged throughout this Complaint, Plaintiff is entitled to recover from Defendants his unpaid minimum wage in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW
### OVERTIME

54. Plaintiff repeats, realleges and incorporates by reference each and every allegation previously set forth as if fully set forth herein.

55. Defendants employed Plaintiff within the meaning of NYLL §§ 2, 190, and 651.

56. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week, in violation of NYLL.

57. Notwithstanding any exemptions under the Motor Carrier Act and FLSA, NYLL 12 NYCRR §142-2.2 required overtime compensation at minimum wage which was $22.50 per hour in NYC

during the relevant time period. *See, Hayward v. IBI Armored Servs*. (2d Cir. March 26, 2020)

58. As alleged throughout this complaint, Plaintiff worked approximately 16 hours per day, 6 days per week.

59. Defendants violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

60. Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

61. Defendants' failure to pay proper overtime wages was willful.

62. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

## AS AND FOR A FOURTH CAUSE OF ACTION
### New York Labor Law Spread of Hours Pay

63. Plaintiff repeats, realleges and incorporate by reference each and every allegation previously set forth as if fully set forth herein.

64. During all relevant times of Plaintiffs' respective employment, Defendants failed to pay spread of hours pay to either of Plaintiffs in violation of 12 NYCRR §142-2.4 which states in relevant part, "Am employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours."

65. As alleged throughout this Complaint at all relevant times the Plaintiff worked in excess of 10 hours per day or approximately 16 hours per day.

66. As alleged throughout this Complaint, Plaintiff worked approximately 16 hours per day and

was not compensated $15 for one additional hour of pay for each day that Plaintiff worked more than 10 hours within one work day.

67. Accordingly, Plaintiff seeks his unpaid spread of hours pay during the relevant time period, liquidated damages, attorneys fees and costs, pre and post judgment interest, penalties and costs in pursuant to NYLL§ 198.1-a.

## AS AND FOR A FIFTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## WAGE NOTICE REQUIREMENT

68. Plaintiff repeats and realleges each and every allegation previously set forth as if fully set forth herein.

69. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

70. Defendants intentionally failed to provide notice to Plaintiff in violation of NYLL §195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on her first day of employment.

71. Defendants not only failed to provide notice to Plaintiff at time of hire but failed to provide notice to Plaintiff at any time thereafter.

72. At the time of hire or any time thereafter, Plaintiff was not provided with a NYLL §195

wage notice and thereby damaged because he was not made aware of his right to weekly minimum and overtime wages. And each week he did not receive minimum wage and overtime pay, Defendants concealed and/or delayed Plaintiff's rights or claims to recover those wages.

73. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to NYLL. NYLL §198(1-b).

## AS AND FOR A SIXTH CAUSE OF ACTION
**New York Labor Law (NYLL) § 195 (3) – Failure to Provide Accurate Wage Statements**

74. Plaintiff repeats, realleges and incorporates by reference each and every allegation previously set forth as if fully set forth herein.

75. As alleged throughout this complaint, Defendants failed to provide Plaintiffs with proper and accurate wage statements throughout their respective employment listing, including but not limited to: all regular hours of work, her rate of pay, and the basis of pay, in violation of NYLL § 195(3).

76. Defendants failed to maintain proper and accurate time records and accurately reflect Plaintiffs' minimum and overtime hours and wages due as alleged throughout this Complaint.

77. Plaintiff was damaged as a result because Defendants delayed and/or concealed his claims as accurate wage statements would have provided evidence of Plaintiff's earned minimum and overtime wages.

78. At all relevant times to date, Defendants' willful failure to provide and/or maintain accurate wage statements or business records enabled Defendants' to deny owing any wages to Plaintiff.

79. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the

11

violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d) plus attorneys fees and costs.

## AS AND FOR A SEVENTH CAUSE OF ACTION

**Compensation for accrued and unused sick hours pursuant to New York City Sick Leave Act pursuant to Title 20 of New York City Admin. Code §20 -911 et seq**

1. Plaintiff repeats and re-alleges each and every allegation previously set forth as if fully set forth herein.

2. Effective on or about May 5, 2018, the New York City Sick Leave law required employers with up to 99 employees to provide paid 40 sick hours in calendar year and 56 paid sick hours if the employer employed 100 or more employees in the aggregate.

3. Under NYC law employers were mandated to provide notice to employees of their rights to these paid sick hours.

4. Under NYC law, employers were mandated to record and provide to each employee, year to date accrued and used sick hours on each wage statement.

5. Under NYC law, employers were required to roll over accrued and unused sick pay hours or compensate employees at their regular hourly wage rates for the unused sick pay hours.

6. During all relevant times of Plaintiffs' employment, Plaintiff regularly delivered fuel in and around New York City and was covered under the NYC sick leave law.

7. Defendants failed to provide notice to Plaintiff of his paid sick hours rights under NYC sick leave law yet knew at all relevant times that they were subject to NYC laws and rules and regulations.

8. During the relevant time period of May 5, 2018 to April 5, 2020, Defendants failed to maintain and record Plaintiff's accrued sick hours on their wage statements.

9. During all relevant time periods, Defendants willfully denied Plaintiffs' unused sick

hours compensation and did not roll over their unused sick hours.

10. Accordingly, Plaintiffs seek compensation for unused sick hours during their relevant periods of employment, liquidated damages, pre and post judgment interest, costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant and order and judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and the NYLL by failing to pay Plaintiff his earned wages at the proper minimum wage, spread of hours and overtime rates;

B. Declaring that Defendants engaged in unlawful employment practices prohibited by the NYLL by failing to give proper wage notice;

C. Awarding damages to Plaintiff for all unpaid minimum and overtime wages due under the FLSA and the NYLL;

D. Award spread of hours pay damages for all work days Plaintiff worked more than 10 hours and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1) in amounts to be determined at the time of trial; and

E. Awarding Plaintiff liquidated damages of 100% under the FLSA and NYLL as a result of Defendants' willful failure to pay minimum and overtime wages;

F. Awarding damages to Plaintiff as a result of Defendants' failure to provide proper wage notice as required under the NYLL 195(1) and §198 (1-d); and

G. Award Plaintiff statutory penalties of two hundred fifty dollars ($250) per workday up to five thousand dollars ($5,000) for Defendants' failure to provide Plaintiff with accurate wage statements, pursuant to NYLL § 195 (3), §198 (1-d); and

H. Awarding Frequency of Pay or delayed wage damages of 100% of the delayed pay pursuant to NYLL 191(1)(a) and 198(1-a); and

I. Awarding Compensation for Plaintiff's accrued and unused sick hours for the relevant period of his employment with Defendants pursuant to NYC sick leave law, together with liquidated damages, penalties and attorney fees and costs; and

J. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action pursuant to the FLSA, NYLL NYC Sick Leave Law; and

K. Awarding Plaintiff pre-judgement interest of nine per cent per annum (9%) pursuant to NYLL §198 and the New York Civil Practice Law and Rules §§ 5001- 5004; and

L. Awarding Plaintiff post-judgment interest pursuant to the New York Civil Practice Law and Rules § 5003; and

M. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 2, 2022

                **NISAR LAW GROUP, P.C.**
                *Attorneys for Plaintiff*

                /s/ Susan Ghim
                _____
BY:    Susan Ghim, Of Counsel
                60 East 42nd St., Ste. 4600
                New York, NY 10165
                Email: sghim@nisarlaw.com / Ph: (646) 889-1011